# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| TOVE D. ADAMS, | ) | Case No. 4:19-cv-00404 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN RONALD EROS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## OPINION AND ORDER

Petitioner Tove D. Adams, a prisoner in state custody, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Ronald Erdos, Warden of the Southern Ohio Correctional Facility, answered and moved to dismiss the petition. The Magistrate Judge recommends denying the petition, and Petitioner objects to that recommendation. For the reasons that follow, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation, and **DENIES** and **DISMISSES** the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

In the report and recommendation, the Magistrate Judge set forth the history of this case. (ECF No. 13, PageID #1358–63.) In short, following a trial in Ohio state court, a jury convicted Petitioner of murder, felonious assault, evidence tampering, and having weapons under disability. (ECF No. 12-1, PageID #124.) Petitioner unsuccessfully challenged his convictions through direct appeals in the Ohio courts.

1

(*Id.*, PageID #270–85, 394, 309–10.)  He is serving a sentence of thirty-four years to life.  (*Id.*, PageID #141.)

Petitioner raises four grounds for relief:  (1) the prosecution engaged in improper argument by misstating the law and misleading the jury; (2) he did not receive the effective assistance of counsel; (3) he was not permitted to cross-examine a detective; and (4) "the cumulative impact of errors" amounted to a denial of due process.  (ECF No. 1, PageID #5, 7, 8–10.)  The Magistrate Judge recommends that the Court deny the first and third grounds as procedurally defaulted, deny the second on the merits, and deny the fourth ground as non-cognizable.  (ECF No. 13, PageID #1364.)

The Magistrate Judge issued the report and recommendation on May 18, 2020, and the Clerk of Court mailed a copy to Petitioner on the same day.  The report and recommendation advised Petitioner that a failure to object within fourteen days of service may result in a waiver of rights on appeal, which include the right to review before the Court.  (ECF No. 13, PageID #1387.)

Petitioner subsequently filed objections to the report and recommendation, signed on June 3, 2020.  (ECF No. 14.)  Petitioner makes the following objections:

> Tove D. Adams, a prisoner in State custody, seek[s] to make objections to the Report and Recommendation. I also understand that failure to file objections within the specified time waives the right to appeal the Magistrate Judge[']s Recommendation.
>
> There [were] only [four] grounds given in which the report and recommendation was given, and not all the grounds on which I included in my federal habeas corpus.

2

Included is my federal habeas corpus which contradict[s] the Court[']s prosecutor, and also prove[s] the Court withheld evidence in trial and the judge was aware of this along with a bias[ed] jury and judge who disregarded the law.

When I brought these matters to the Court['s] attention they were denied as truth because my trial transcript was withheld from me because [it was] sent to [appellate] counsel electronic[ally].

I hereby submit this to the Clerk of Courts to put on notice of my objections to all grounds listed in the Report and Recommendation.

(ECF No. 14, PageID #1388–89.)

## ANALYSIS

A district court judge may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B), of a petition for a writ of habeas corpus, which the Court does by local rule, *see* Local Rule 72.2. When reviewing a report and recommendation, if a party objects within the allotted time, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). "Objections must be specific, not general" and should direct the Court's attention to a particular dispute. *Howard v. Secretary of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

3

On review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Importantly, the Court's job is not to conduct a free-wheeling examination of the entire report and recommendation, but only to address any specific objections that a party has advanced to some identified portion of it. Accordingly, it is the Court's task in this matter to review the Magistrate Judge's report and recommendation de novo, based on the specific objections Petitioner timely raises.

## I.     Timeliness of Petitioner's Objections

Under 28 U.S.C. § 636(b)(1)(C), a party has fourteen days to object after service of the report and recommendation. Service is complete on mailing the served documents to the recipient's last known address. Fed. R. Civ. P. 5(b)(2)(C). As long as the party was properly informed of the consequences of failing to object, failing to file timely objections waives subsequent review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Under the prison mailbox rule, the time of filing for a *pro se* prisoner is when he delivers the document to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 275 (1988).

The Clerk of Court served Petitioner with the report and recommendation when it placed the report in the mail on May 18, 2020. Therefore, Petitioner was required to file objections by June 1, 2020. Because Petitioner signed his objections on June 3, 2020, his objections were necessarily untimely. The report and recommendation advised Petitioner of the consequences of failing to file timely

4

objections (ECF No. 13, PageID #1387), and Petitioner specifically acknowledged in his objections that he understood that such failure waived the right to appeal the recommendation (ECF No. 14, PageID #1388).  Accordingly, the Court determines that Petitioner has waived review of the report and recommendation by this Court.

## II.    Propriety of Petitioner's Objections

Even if Petitioner's objections were timely, they were not proper objections. Under 28 U.S.C. §636(b)(1)(C), a party must specify the proposed findings or recommendations to which an objection is made.  Petitioner does not identify any specific error in the Magistrate Judge's factual findings or legal conclusions; rather he reiterates arguments he raised in his petition and objects to "all grounds." (ECF No. 14, PageID #1389.)  A general objection to a magistrate judge's report and recommendation, which fails to specify the issues of contention, does not satisfy the requirements for filing objections.  *Howard*, 932 F.2d at 509.  For the additional reason that Petitioner's objections were not specific, Petitioner has waived further review.

## III.    Petitioner's Objections

Generally, pro se pleadings are liberally construed and held to less stringent standards than formal papers drafted by lawyers. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).  However, even liberally construed, Petitioner's arguments are not persuasive.

First, Petitioner objects that the Magistrate Judge failed to address all the grounds presented in his petition. (ECF No. 14, PageID #1388.)  To file his petition,

Petitioner used Form AO 241 (Rev. 09/17) ("Petition for Relief from a Conviction or Sentence By a Person in State Custody") available from the United States Courts. The form instructed the Petitioner to "state every ground" for habeas corpus and to attach additional pages for any additional grounds.  After reviewing the record, the Court finds that Petitioner raised four grounds on his form petition and did not attach additional pages with other grounds.  (ECF No. 1, PageID #5, 7, 8–10.)  The Magistrate Judge fully addressed these four grounds in the report and recommendation.  Accordingly, Petitioner's objection, even if timely and proper, has no merit.

Next, Petitioner raises several issues relating to his trial, including that the trial court knowingly withheld evidence, the jury was biased, the trial judge disregarded the law, and Petitioner was unable to challenge these matters because the trial court withheld the trial transcript.  (ECF No. 14, PageID #1389.)  Petitioner raised these issues in his petition (ECF No. 1, PageID #10), and the Magistrate Judge addressed them (ECF No. 13, PageID #1365–86).  As discussed, simple disagreement with the Magistrate Judge and restatement of the arguments already raised is not a proper objection.  *See Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).  To the extent Petitioner properly and timely objects, these issues ultimately go to Petitioner's fourth ground—that the cumulative impact of claimed errors amounted to a denial of due process.  As the Magistrate Judge explained, the Sixth Circuit has held that cumulative error claims are not cognizable on habeas corpus review. *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).  Therefore, the Court agrees

6

with the Magistrate Judge that it cannot consider Petitioner's fourth claim in federal habeas review.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections (ECF No. 14), **ADOPTS** the Magistrate Judge's report and recommendation (ECF No. 13), and **DENIES** and **DISMISSES** the petition (ECF No. 1).  Pursuant to 28 U.S.C. § 2253, the Court declines to exercise a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

**SO ORDERED.**

Dated:  October 29, 2021

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio